IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID NEADEAU,

                         Petitioner,                  OPINION AND ORDER

v.

                                                  12-cv-652-wmc

WARDEN ROBERT WERLINGER and
CAPTAIN A.C. BROE,

                         Respondents

---

Petitioner David Neadeau is incarcerated at the United States Penitentiary in Florence Colorado. He has filed a pleading styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and he has paid the $5.00 filing fee for a federal habeas proceeding. The petition fails to state a claim for which relief can be granted under § 2241 for reasons set forth briefly below, but Neadeau will be given an opportunity to re-plead.

OPINION

Neadeau's central claim is that Captain A.C. Broe used excessive force against him, resulting in physical injury, while Neadeau was in custody at the Federal Correctional Institution in Oxford, Wisconsin (FCI-Oxford) on February 8, 2012. The claim that Neadeau raises is not properly raised under the federal habeas corpus statutes, which provide a remedy only for prisoners challenging the "fact of confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Because Neadeau's allegations concern the conditions of his confinement and not the fact of his incarceration, his claims are actionable, if at all, in a civil rights complaint filed under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), which

affords a remedy to federal prisoners that is similar to actions filed under 42 U.S.C. § 1983. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *see also Izen v. Catalina*, 382 F.3d 566, 570 n.3 (5th Cir. 2004) (noting that a *Bivens* action is analogous to a civil rights action under 42 U.S.C. § 1983, with the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials) (citation omitted).

Rather than dismiss the habeas petition, the court will consider converting this proceeding to a civil action. The court will not do so, however, without clarifying whether Neadeau wishes to proceed with a civil rights case.

Neadeau is advised that civil rights actions filed by prisoners are governed by restrictions found in the Prison Litigation Reform Act, 28 U.S.C. § 1915. In addition, the filing fee for a civil rights action is $350 as opposed to $5 for actions brought under 28 U.S.C. § 2241. If he elects to proceed with a civil rights claim, Neadeau would be required to pay the $350 filing fee even if he asks for and is granted leave to proceed *in forma pauperis*. If he seeks and is granted pauper status, he must pay the fee in installments, starting with an initial partial payment calculated from a trust fund account statement, followed by monthly payments until the fee is paid in full.

In addition, the PLRA requires the court to screen petitioner's complaint. If the court dismisses the action as legally frivolous or malicious or for failure to state a claim upon which relief may be granted, the court must assess petitioner a "strike" under 28 U.S.C. § 1915(g). If a prisoner incurs three strikes, he may not proceed under the *in forma pauperis* statute unless he is in imminent danger of serious physical harm.

Accordingly, to proceed with his claims, Neadeau must supplement the record within thirty days by filing a civil rights complaint form using one provided by the clerk's office or a similar form available at the prison law library and either paying a filing fee of $350 or submitting a motion for leave to proceed *in forma pauperis* that includes a certified copy of his inmate trust fund account statement (or institutional equivalent) in compliance with 28 U.S.C. § 1915(a)(2).

ORDER

IT IS ORDERED that

1. The clerk's office shall provide petitioner David Neudeau with a standard prisoner complaint package under 42 U.S.C. § 1983, which he may modify for use under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

2. Petitioner David Neudeau shall supplement the record within thirty days of the date of this order by (a) filing a civil rights complaint form using one provided by the clerk's office or a similar form available at the prison law library, and (b) either paying a filing fee of $350 or submitting a motion for leave to proceed *in forma pauperis* that includes a certified copy of his inmate trust fund account statement (or institutional equivalent) in compliance with 28 U.S.C. § 1915(a)(2).

3. Petitioner David Neudeau is advised that, if he does not respond to this order as directed, then this case will be dismissed for want of prosecution without further notice under Fed. R. Civ. P. 41(b).

Entered this 24th day of October, 2012.

BY THE COURT:

WILLIAM M. CONLEY
District Judge